**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

REIDY CONTRACTING GROUP, LLC and
MERCHANTS MUTUAL INSURANCE COMPANY,

        Plaintiffs,

vs.

MT. HAWLEY INSURANCE COMPANY,

        Defendant.
_____

**COMPLAINT**

Case No.: 1:20-cv-391

      Plaintiffs, Reidy Contracting Group, LLC and Merchants Mutual Insurance Company, by their attorneys, GOLDBERG SEGALLA LLP, seek a declaratory judgment against defendant, Mt. Hawley Insurance Company pursuant to 28 U.S.C. §§ 2201, *et seq.*, and allege as follows:

## INTRODUCTION

      1.    This is a civil action seeking a judgment declaring that pursuant to the terms of an Excess Liability Policy issued to Vanquish Contracting Corp. ("Vanquish"), defendant Mt. Hawley Insurance Company ("Mt. Hawley") has an obligation to provide coverage to Reidy Contracting Group, LLC ("Reidy") for the claims asserted in a certain underlying action captioned *David Zhigue et al. v. Reidy Contracting Group et al.* (Kings Co. Sup. Ct., Index No.: 823/2013) (the "underlying action" or "*Zhigue*").

## PARTIES, JURISDICTION, AND VENUE

      2.    At all times relevant hereto, plaintiff Reidy was and is a limited liability company organized under the laws of the State of New York, with its principal place of business in New York.

      3.    At all times relevant hereto, plaintiff Merchants Mutual Insurance Company ("Merchants") was and is an insurance company organized and existing under the laws of the State of New York, with its principal place of business located in New York.

4. Upon information and belief, at all times relevant hereto, defendant Mt. Hawley was and is an insurance company organized and existing under the laws of the State of Illinois, with its principal place of business located in Illinois.

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of value of $75,000 and is between citizens of different states.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because defendant Merchants' principal place of business is located in Buffalo, New York, which is part of this judicial district.

7. An actual judiciable controversy exists between plaintiff and defendants, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## THE UNDERLYING ACTION AND MT. HAWLEY POLICY

8. In the underlying action, David Zhigue, Manuel Japa, and Segundo Japa ("underlying plaintiffs") seek to recover for bodily injuries allegedly sustained on January 8, 2013.

9. In the underlying action, the underlying plaintiffs allege they were injured while working as employees of Vanquish Contracting Corp. on a construction project at 160 Lexington Avenue in New York, New York.

10. Reidy was hired by Dover Street Market LLC to perform work on the construction project, and by agreement dated December 11, 2012, Reidy hired Vanquish as a subcontractor.

11. The Reidy-Vanquish agreement required Vanquish to procure additional insured coverage for Reidy.

12. Mt. Hawley issued excess liability policy number EMX0316178 to Vanquish effective March 9, 2012 to March 9, 2013 ("the Mt. Hawley policy").

13. The Mt. Hawley policy was in effect at the time of the underlying plaintiffs' alleged accident.

14. Plaintiff Reidy qualifies as an additional insured under the Mt. Hawley policy and is entitled to coverage thereunder.

15. Merchants issued commercial umbrella insurance policy CUP0000160 to Reidy effective March 24, 2012 to March 24, 2013.

16. Merchants is providing coverage to Reidy in the underlying action.

17. Coverage was requested from Mt. Hawley on behalf of Reidy on about February 12, 2013, but Mt. Hawley disclaimed coverage by letter dated February 26, 2013.

18. In its disclaimer, Mt. Hawley relied on a policy exclusion -- specifically, an Employers Liability Exclusion (CUP 333 (05/02)) -- that is inapplicable as to Reidy, and therefore, Mt. Hawley is in breach of its policy by failing to acknowledge coverage for Reidy.

19. The Mt. Hawley policy provides coverage that is primary to the policy issued by Merchants to Reidy.

## COUNT I – DECLARATORY JUDGMENT

20. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 19 as if fully set forth.

21. Reidy is an additional insured under the Mt. Hawley policy and is entitled to coverage in connection with the underlying action.

22. Mt. Hawley's refusal to provide coverage to Reidy in the underlying action is a material breach of its policy.

23. Plaintiffs are entitled to and demand judgment declaring that Mt. Hawley must provide coverage to Reidy as an additional insured.

## COUNT II – PRIORITY OF COVERAGE

24. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 23 as if fully set forth.

25. The coverage provided by the Merchants policy to Reidy is excess to the coverage provided by the Mt. Hawley policy.

**WHEREFORE,** plaintiffs are entitled to and demand judgment against Mt. Hawley declaring that: (1) Mt. Hawley must provide coverage to Reidy in the underlying action; (2) coverage for Reidy under the Mt. Hawley policy is primary to the coverage for Reidy under the Merchants policy; and (3) granting such other and further relief as the Court deems proper.

DATED:   Buffalo, New York
         April 1, 2020

                              GOLDBERG SEGALLA LLP


                              By:    *s/Ashlyn Capote*
                                     Richard A. Galbo
                                     Ashlyn M. Capote
                              *Attorneys for Plaintiffs*
                              665 Main Street
                              Buffalo, New York  14203
                              Tel:  (716) 566.5400
                              rgalbo@goldbergsegalla.com
                              acapote@goldbergsegalla.com